UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**KRISTI BUCHANAN**

                       **Plaintiff,**

**-vs-**                                                       **Case No.  2:12-cv-514-FtM-38DNF**

**CAROLYN W. COLVIN, Acting
Commissioner of Social Security[1],**

                       **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      Plaintiff, Kristi Buchanan, seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, it is respectfully recommended that the decision of the Commissioner be **AFFIRMED**, pursuant to § 205(g) of the Social Security Act, 42 U.S.C § 405(g).

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted, therefore, for Commissioner Michael J. Astrue as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.      **Social Security Act Eligibility, Procedural History, and Standard of Review**

The law defines disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making Plaintiff unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d) (2); 20 C.F.R. §§ 404.1505-404.1511.

   A.      **Procedural History**

On March 6, 2009, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging a disability onset date of February 6, 2009. (Tr. 26). Plaintiff's request for benefits was denied on June 11, 2009, and upon reconsideration on October 23, 2009. (Tr. 26). An administrative hearing was held before Administrative Law Judge ("ALJ") Larry J. Butler on December 29, 2010. (Tr. 26, 55). On February 25, 2011, the ALJ rendered his decision, in which he determined that Plaintiff was not disabled within the meaning of the Social Security Act from February 6, 2009, through the date of the ALJ's decision. (Tr. 35). Plaintiff's Request for Review was denied by the Appeals Council on August 16, 2012. (Tr. 1-7). Plaintiff brought this instant suit on September 17, 2012.

   B.      **Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is

supported by substantial evidence." *Crawford v. Comm'r.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(I).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id.* At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f) . If the claimant can still perform his past relevant work, then he will not be found disabled. *Id.*

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id.* In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to Claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**II.    Review of Facts**

   **A.  Background Facts**

Plaintiff was born on June 13, 1966, and has at least a high school education. (Tr. 35). Plaintiff can communicate in English. (Tr. 35). Plaintiff accepts the statements of the testimony and of the documentary evidence as set forth in the ALJ's decision, except as to those findings noted to by Plaintiff in her objections to the ALJ's opinion. (Doc. 25 p. 3).

   **B.  The ALJ's Findings**

At the first step, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2012, and had not engaged in substantial gainful activity since her alleged onset date of February 6, 2009. (Tr. 28).

At the second step, the ALJ determined that Plaintiff had the following severe impairments: (1) history of multiple pulmonary emboli, (2) hypertension, (3) diabetes mellitus, (4) coronary artery disease, (5) history of rheumatoid arthritis, (6) bipolar disorder, (7) obesity, and (8) status post right ankle fracture. (Tr. 28). The ALJ found that these impairments result in limitations that significantly affect Plaintiff's ability to perform basic work activities. (Tr. 28).

At the third step, the ALJ found that Plaintiff does not suffer from an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § Part 404, Subpart P, Appendix 1. (Tr. 22). The ALJ found that Plaintiff's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 and 12.06. (Tr. 29). The ALJ found that the Plaintiff had mild restrictions in activities of daily living, mild difficulties in social functioning, and moderate difficulties with regard to concentration, persistence or pace. (Tr. 29). Further, the ALJ found that Plaintiff has experienced no episodes of decompensation of extended duration. (Tr. 29). The ALJ found that

the paragraph B criteria were not satisfied because Plaintiff's mental impairments do not cause at least two "marked" limitations or one "marked limitation and "repeated" episodes of decompensation. (Tr. 29).

At the fourth step, the ALJ found that Plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant should avoid concentrated exposure to vibration and pollutants. Also, the claimant is able to understand, remember, and carryout simple routine tasks." (Tr. 30). Given this RFC, the ALJ found that Plaintiff is unable to perform any of her past relevant work as a medical assistant. (Tr. 34).

At the fifth step, the ALJ considered Plaintiff's age, education and work experience and determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 34). Applying the Medical-Vocational Guidelines, the ALJ concluded that Plaintiff was not disabled because she retained the RFC to perform "light work" and her additional limitations had little or no effect on the occupational base of unskilled light work. (Tr. 35). The ALJ explained that "in cases such as this one, where a person has a medical restriction to avoid excessive amounts of noise, dust, etc., the impact on the broad world of work would be minimal because most job environments do not involve great noise, amounts of dust, etc." (Tr. 35). Therefore, the ALJ concluded, a finding of "not disabled" was appropriate. (Tr. 35).

**III. Specific Issues and Conclusions of Law**

Plaintiff raises two issues on appeal. As stated by Plaintiff, they are: (1) the ALJ erred by failing to comply with Social Security Ruling ("SSR") 96-6p, and (2) the ALJ erred by mechanically applying the Medical Vocational Guidelines of the Social Security regulations, when it was apparent that the Plaintiff had significant non-exertional limitations. (Doc. 25 p. 5, 7). The Court will address each issue in turn.

-6-

### A. Whether the ALJ erred by failing to comply with SSR 96-6p

Plaintiff argues that the ALJ erred by failing to comply with SSR 96-6p. Plaintiff argues that SSR 96-6p requires that an ALJ explain the weight accorded to the opinions of Disability Determination Services ("DDS") consultants and that failure to do so is reversible error. (Doc. 25 p. 6). According to Plaintiff, although the ALJ accorded great weight to the opinion of Dr. Minerva Hernandez, he failed to explain why he did not adopt her findings that Plaintiff had limited gross manipulation and her limitation finding that Plaintiff could only occasionally climb, balance, stoop, kneel, crouch, and crawl. (Doc. 25 p. 6-7).

Defendant responds that substantial evidence supports the ALJ's decision not to include manipulative or postural limitations in Plaintiff's RFC. (Doc. 26 p. 4-6). Defendant argues that the ALJ discussed the evidence showing Plaintiff's impairments did not cause manipulative and postural limitations and that substantial evidence supports the ALJ's determination on this point. For this reason, Defendant contends, Plaintiff's argument should be rejected. (Doc. 26 p. 7).

In assessing medical evidence to determine whether a claimant is or is not disabled, the ALJ must state with particularity the weight accorded to different medical opinions and the reasons therefor. *Sharfarz v. Bowen,* 825 F.2d 278, 279 (11th Cir. 1987). "The ALJ also must consider any findings of a state agency medical or psychological consultant, who is considered an expert, and must assign weight and give explanations for assigning weight the same way as with any other medical source." *Luterman v. Comm'r,* 518 Fed. App'x 683 (11th Cir. 2013). SSR 96-6p provides that "[f]indings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining

sources at the administrative law judge and Appeals Counsel levels of administrative review." SSR 96-6p.

The record indicates that reviewing state agency medical physicians Dr. Hernandez and Dr. Steele completed Physical RFC assessments on May 29, 2009, and October 23, 2009, respectively. (Tr. 394-401, 585-592). Both physicians found that Plaintiff could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk for about 6 hours in an 8-hour workday, sit about 6 hours in an 8-hour workday, and push and/or pull without limit. (Tr. 395, 586). However, Dr. Hernandez and Dr. Steele made different findings regarding Plaintiff's postural, manipulative, and environmental limitations. Whereas Dr. Steele found Plaintiff to have no postural or manipulative limitations, Dr. Hernandez found that Plaintiff could only occasionally climb, balance, stoop, kneel, crouch and crawl and that Plaintiff's ability to handle (gross manipulation) was limited. (Tr. 396-397). On the other hand, while Dr. Hernandez did not find Plaintiff to have any environmental limitations, Dr. Steele found that Plaintiff should avoid concentrated exposure to vibration, fumes, odors dust, gases, poor ventilation, etc. (Tr. 589).

In his opinion, the ALJ cited SSR 96-6p and specifically considered the opinions of Dr. Hernandez and Dr. Steele. (Tr. 33-34). The ALJ noted that Dr. Hernandez and Dr. Steele both determined that Plaintiff had the residual functional capacity for light exertion. (Tr. 33). The ALJ noted that Dr. Steele indicated that Plaintiff should avoid concentrated exposure to vibration and pollutants. (Tr. 34). Additionally, the ALJ noted Dr. Steele's finding that claimant's lungs were clear, myocardial infarction was ruled out, her ejection fraction was almost intact, and that Plaintiff's physical examinations have been within normal limits. (Tr. 34). Without discussing Dr. Hernandez's RFC assessment in any detail, the ALJ found that both Dr. Hernandez's and Dr.

Steele's opinions were well supported by and were consistent with, the medical records in evidence. (Tr. 34). For this reason, the ALJ accorded great weight to Dr. Hernandez's and Dr. Steele's opinions. (Tr. 34).

In this case, the ALJ did not commit reversible error by failing to discuss in greater detail his decision to adopt the limitation findings of Dr. Steele over Dr. Hernandez. Although the opinions of state agency consultants may be entitled to great weight if they are supported by evidence, 20 C.F.R. § 404.1527(f)(2), SSR 96-6p, an ALJ is not bound by any findings made by a state agency consultant. *See* 20 C.F.R. § 404.1527(f)(2)(i). "Also, as stated above, it is widely accepted that an ALJ may consider the record as a whole and subsequently rely on only the relevant pieces of the record in making her RFC determination." *Getty ex. rel. Shea v. Astrue,* 201 WL 4837247, at *11 (M.D. Fla. Sept. 21, 2011) (citing *Phillips v. Barnhart,* 357 F.3d 1232, 1237-40 (11th Cir. 2004)). It is clear from the ALJ's opinion that he adopted those relevant portions of Dr. Hernandez's opinion that pertain to Plaintiff's ability to perform light work and rejected Dr. Hernandez's postural and manipulative limitation findings. *Id.* Substantial evidence supports the ALJ's ultimate RFC determination that Plaintiff did not have any postural or manipulative limitations. For example, in his opinion, the ALJ noted that Plaintiff's treating physician, Dr. Catherine Kowal, stated in April of 2009 that Plaintiff's rheumatoid arthritis was doing well with medication (Tr. 31). In January of 2009, examining state agency physician A. Neil Johnson noted that Plaintiff had "full use of the hands." (Tr. 32). Although Dr. Johnson found that Plaintiff had mild swelling of the metacarpal phalangeal joints, the classic chronic deformities of rheumatoid arthritis were not seen and Plaintiff had full range of motion of her hands and fingers. (Tr. 32). Further, Dr. Johnson noted that Plaintiff's physical examination was "generally unremarkable" and that Plaintiff had a full range of motion of her cervical and

dorsolumbar spines, shoulders, elbows, knees, hands, fingers, and left ankle." (Tr. 32). Thus, as substantial evidence supports the ALJ's finding that Plaintiff did not have any postural or manipulative limitations, the Court does not find that the ALJ erred by failing to discuss in greater detail a non-examining, reviewing state agency physician's findings.

> B. **Whether the ALJ erred by mechanically applying the medical vocational guidelines of the Social Security regulations, when it was apparent that Plaintiff had significant non-exertional limitations**

Plaintiff argues that under settled Eleventh Circuit law, when the ALJ finds that non-exertional functional limitations exist, vocational expert testimony is necessary to support the ALJ's conclusion that those non-exertional impairments do not significantly limit basic work skills. (Doc. 25 p. 7-8). Plaintiff contends that the ALJ's RFC findings contained significant limitations in Plaintiff's ability to perform work-related activities and, thus, the ALJ erred in mechanically applying the Medical Vocational Guidelines. (Doc. 25 p. 9). Defendant responds that because the ALJ determined that Plaintiff could perform unskilled light work subject only to non-exertional, environmental impairments, the ALJ did not err in using the grids to determine that Plaintiff was not disabled.

As explained above, once a claimant proves that he cannot perform his past relevant work, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(v). The ALJ may carry this burden through an application of the Grids. *Jones v. Apfel,* 190 F.3d 1224, 1229 (11th Cir. 1999). "The grids are a series of matrices which correlate a set of variables—the claimant's residual functional capacity (*i.e.,* the ability, despite impairments, to do sedentary, light, etc. work), age, educational background, and previous work experience. Upon the entry of a set of

these variables into the appropriate matrix a finding of disabled or not disabled is rendered." *Gibson v. Heckler,* 762 F.2d 1516, 1520 (11th Cir. 1985).

"[E]xclusive reliance on the grids is not appropriate either when the claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." *Phillips v. Barnhart,* 357 F.3d 1232, 1242 (11th Cir. 2004) (citations omitted). "However, when both exertional and nonexertional work impairments exist the grids may still be applicable." *Shyrock v. Heckler,* 764 F.2d 834, 836 (11th Cir. 1985). When considering nonexertional limitations, the ALJ only needs to determine whether the claimant's nonexertional impairments significantly limit the claimant's ability to perform basic work skills. *Phillips,* 764 F.2d at 1243. The Eleventh Circuit has interpreted "significantly limit basic work skills" as limitations that prohibit a claimant from performing "a wide range" of work at a given work level. *Id.* (citing *Foote v. Chater,* 67 F.3d 1553, 1559 (11th Cir. 1995)). If the ALJ determines that the claimant's nonexertional limitations do not significantly limit the claimant's ability to work at a given work level, then the ALJ may rely on the grids to determine if the claimant is disabled. *Id.* "Environmental restrictions, such as the need to avoid exposure to feathers, would not significantly affect the potential of unskilled light work." SSR 83-14.

In this case, in applying the grids, the ALJ noted that if the claimant had the RFC to perform the full range of light work, a finding of "not disabled" would be directed by Medical Vocational Rule 202.21. (Tr. 35). The ALJ explained that Plaintiff's additional limitations have little or no effect on the occupational base of unskilled light work. (Tr. 35). The ALJ found that Plaintiff retained the mental capacities sufficient to meet the intellectual and emotional demands of at least unskilled, competitive, remunerative work on a sustained basis. (Tr. 35). Citing to

SSR 83-14, the ALJ noted that "in general, environmental restrictions do not significantly affect the potential unskilled occupational base." (Tr. 35). In this case, the ALJ explained, where Plaintiff has a medical restriction to avoid excessive amounts of noise, dust, etc., the impact on the broad world of work would be minimal because most job environments do not involve great noise. (Tr. 35). For this reason, the ALJ found that Plaintiff was "not disabled." (Tr. 35).

Upon review, the Court will not disturb the ALJ's application of the grids. The ALJ noted Plaintiff's non-exertional, environmental limitations and specifically found that these limitations do not significantly limit Plaintiff's ability to work at the light work level. Thus, pursuant to *Phillips*, the ALJ properly relied on the grids in determining that Plaintiff was not disabled. Furthermore, as explained above, the ALJ did not err by failing to include the postural and manipulative limitations found by Dr. Hernandez. Thus, the ALJ did not err by failing to consider Dr. Hernandez's limitation findings in applying the grids.

### IV.    Conclusion

The Court finds that the ALJ's decision is consistent with the requirements of the law and is supported by substantial evidence. Therefore,

**IT IS RESPECTFULLY RECOMMENDED** that the decision of the Commissioner be **AFFIRMED.**

In Chambers, Fort Myers, Florida, this 11th day of February, 2014.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

       Failure to file written objections to the proposed findings and recommendations in this report pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 6.02 within fourteen days of the date of its filing shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

The Court Requests that the Clerk of Court Mail or Deliver Copies of this Order to All Parties and All Counsel of Record